UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ALESIA M. HOWSE-MOORE,           )
                                 )
      Plaintiff,                 )
                                 )
              v.                 )   NO.  3:09-0227
                                 )   Judge Echols/Bryant
UNITED STATES OF AMERICA,        )
                                 )
      Defendant.                 )

**TO: The Honorable Robert L. Echols**

### REPORT AND RECOMMENDATION

Defendant United States ("the Government") has filed its motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure (Docket Entry No. 6) asserting the defenses of (1) lack of jurisdiction for plaintiff's failure to exhaust her administrative remedies and (2) sovereign immunity. Plaintiff has responded in opposition (Docket Entry No. 10).

Defendant's motion has been referred to the undersigned Magistrate Judge for report and recommendation (Docket Entry No. 4).

For the reasons stated below, the undersigned Magistrate Judge **RECOMMENDS** that the defendant's motion to dismiss be **GRANTED** and that the plaintiff's complaint be **DISMISSED**.

### Statement of the Case

Plaintiff Alesia M. Howse-Moore, who is proceeding <u>pro se</u>, commenced this action by filing a civil warrant in the General Sessions Court for Davidson County, Tennessee (Docket Entry No. 2-

1). Ms. Howse-Moore named as defendants two individuals, Diana Schackleford and Lee Danielson. As the grounds for her lawsuit, she stated in her civil warrant:

> Defamation Libel
> accused me (A.M. Howse-Moore) of fraud
> committing crime with federal documents
> insubordination against supervisor (pharmist) (sic)
> and not completing job performace (sic) in timely
> manner.

The civil warrant sought money damages "under $25,000.00." (Id.)

Defendants removed this action to this Court upon the certification of the Attorney General that defendants Shackleford and Davidson were at all pertinent times employees of the United States Department of Veterans Affairs, that they were acting in the course and scope of such employment at the time of the events giving rise to the action, and that the action is properly removable pursuant to provisions of the Federal Tort Claims Act, 28 U.S.C. § 2679.

Upon the foregoing certification by the Attorney General, the United States was substituted as the sole proper defendant, pursuant to 28 U.S.C. § 2679(d)(2) (Docket Entry No. 5).

Defendant United States thereafter filed its motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure.

## Statement of the Case[1]

Plaintiff is employed as a pharmacy technician at the Department of Veterans Affairs ("VA") Hospital in Nashville, Tennessee. Although the record is not altogether clear, it appears that Diana Shackleford was also employed by the VA and was plaintiff's supervisor, and that Lee Danielson was the VA Human Resources Manager. It further appears that Shackleford or Danielson, or both of them, in December 2008 undertook to have plaintiff disciplined for alleged shortcomings in her work, including unreasonable delay in carrying out assigned duties, failure to follow supervisory instructions, insubordination, and falsification of official government records or documents (Docket Entry No. 10). It appears that, at least initially, plaintiff's supervisor(s) proposed that she be subjected to a fourteen-day suspension for these alleged workplace infractions, but that a seven-day suspension eventually was imposed. (Id.) Although it is not completely clear, it seems evident that plaintiff's claims of "defamation libel" against Shackleford and Danielson, now by substitution the United States, are based upon the allegations of plaintiff's workplace infractions in December 2008.

---

[1]The General Sessions civil warrant filed to commence this case contains only the bare-bones statement of the claim quoted above, so the additional facts summarized here are derived primarily from plaintiff's response in opposition to the Government's motion (Docket Entry No. 10).

3

## The Government's Motion

The Government asserts that Ms. Howse-Moore's action should be dismissed on two grounds: (1) lack of jurisdiction of the subject matter because plaintiff has failed to exhaust administrative remedies, and (2) sovereign immunity.

Plaintiff's response in opposition (Docket Entry No. 10) does not address the Government's legal defenses, but instead consists of her factual explanations and justifications regarding the workplace infractions alleged against her.

Title 28, section 2675(a), of the United States Code states in pertinent part as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

This administrative claim procedure is jurisdictional. No suit may be maintained under the Federal Tort Claims Act absent compliance. Executive Jet Aviation, Inc. v. United States, 507 F.2d 508, 514-15 (6th Cir. 1974). The Government asserts that plaintiff has not filed an administrative claim with the U.S. Department of Veterans Affairs (Docket Entry No. 7, p. 2), and plaintiff does not dispute this assertion (Docket Entry No. 10).

4

Therefore, the undersigned Magistrate Judge finds that this court lacks subject matter jurisdiction of this action.

Sovereign immunity. Even if plaintiff had exhausted her administrative remedies against the United States, her claim still must be dismissed under the doctrine of sovereign immunity. In general, the United States, as sovereign, is immune from suit unless it has consented to be sued, United States v. Sherwood, 312 U.S. 584, 586 (1941), and claims against the United States may be enforced only within the strict limits defined by Congress. Soriano v. United States, 352 U.S. 270, 277 (1957).

The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80, creates certain explicit exceptions to the general rule of sovereign immunity and allows enforcement of certain claims against the United States arising from acts or omissions of Government employees acting in the scope of their employment. Section 2679(b) establishes claims allowed under the FTCA as the "exclusive remedy" for persons injured by federal employees acting in the scope of their employment. However, claims for libel and slander are expressly excluded from the list of claims permissible under the FTCA, 28 U.S.C. § 2680(h), and, therefore, such claims against the United States are barred under the general rule of sovereign immunity.

Finally, the Supreme Court has held that the exclusive remedy provision of 28 U.S.C. § 2679(b) precludes an alternative

5

mode of recovery against a Government employee even in cases where, as here, an exception to the FTCA precludes recovery against the Government. <u>United States v. Smith</u>, 499 U.S. 160 (1991).

For the foregoing reasons, the undersigned Magistrate Judge finds that plaintiff's claims of libel and defamation are barred by the doctrine of sovereign immunity and that her action must be dismissed.

<u>**RECOMMENDATION**</u>

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that the Government's motion to dismiss should be GRANTED and that this action be **DISMISSED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

6

**ENTERED** this 14th day of December 2009.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge