# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ALESIA M. HOWSE-MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:09-0227 |
| ) | Judge Echols |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## ORDER

After Plaintiff, *pro se*, a pharmacy technician for the Department of Veteran Affairs, filed suit in the Davidson County General Sessions Court against her then-supervisor and her employer's local human resources manager, the United States removed the action to this Court, was substituted as the proper party-defendant (Docket Entry No. 5), and filed a Motion to Dismiss (Docket Entry No. 6). The Magistrate Judge has entered a Report and Recommendation ("R & R") (Docket Entry No. 12) which recommends that Plaintiff's Complaint be dismissed because she failed to exhaust her administrative remedies and because the United States is immune from suit for defamation and libel claims under the Federal Tort Claims Act ("FTCA"). Plaintiff has filed objections to the R & R. (Docket Entry No. 15).

Where a party files timely objections to a R & R which addresses a dispositive motion, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In this case, Plaintiff first claims that "[t]his is not defamation of my character in writing instituted by United States ('the Government') as filed in the Report and Recommendation." (Docket Entry No. 15 at 1). Exactly what Plaintiff means by this is unclear because her action in the General

1

Sessions Court was styled as "Defamation Libel" and she appears to claim her supervisor wrongfully accused her of "fraud" and "insubordination." Such claims are barred by the FTCA. 28 U.S.C. § 2680(h).

Plaintiff also alleges that her supervisor and the human resources manager had a "personal vendetta" against her, that they "hid[] behind the use of their titles" and that they "should not be able to destroy someone's character and cause a hardship upon them just because they are in a position to so (sic)." (Docket Entry No. 15 at 1). Plaintiff further asserts that her supervisor and the human resources manager used "deceitful antics," that they did not "abid[e] by the procedures agreed upon by Management and Labor," and that they "have been very unreasonable about communicating with the plaintiff" which caused her to file suit in court. Id. Even if all of this is true, Plaintiff has not shown, and does not assert, that she submitted her claim to her employer and that the claim was denied in writing by her employer as required by the FTCA. 28 U.S.C. § 2675(a).

Accordingly, the Court hereby rules as follows:

(1) The R & R (Docket Entry No. 12) is hereby ACCEPTED and APPROVED;

(2) Plaintiff's Objections to the R & R (Docket Entry No. 15) are hereby OVERRULED;

(3) The United States' Motion to Dismiss (Docket Entry No. 6) is hereby GRANTED; and

(4) This case is hereby DISMISSED for lack of subject matter jurisdiction.

Entry of this Order on the docket shall constitute entry of a final judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

It is so ORDERED.

*[signature]*

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE